■ In the Matter of the Claim of Willie E. Witt, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.— Appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, filed September 29, 1972, which adopted and affirmed a Referee's decision sustaining an initial determination by the respondent which disqualified the claimant from receiving unemployment insurance benefits upon the ground that he voluntarily left his employment without good cause by provoking his discharge. The claimant contends that the record does not contain substantial evidence to support the finding that he provoked his discharge. The claimant testified that on or about September 14, 1971 he advised his employer that he would be absent until the work day of September 21, 1971. He further testified that on or about Saturday, which would be September 19, 1971, he caused his employer to be advised that because of transportation difficulties he would not report to work until Wednesday, September 23, 1971. On or about Tuesday, September 22,

1971, the claimant received a written notice that he had been discharged. The record does not contain a copy of that notice of termination. Thereafter the claimant filed for benefits setting forth the above facts in his statement signed September 27, 1971. In response to the claim, the employer submitted a form noting that the claimant had been discharged and stating under "Remarks": "Company Rule #10 — Absent 5 days without reporting to personnel". The record shows that the claimant was familiar with the rules and he contends that is why he had his "girl friend" telephone and advise that he would be delayed in returning to work. The employer concedes that such a call was made to it. At the hearing before the Referee in this State on March 17, 1972, the respondent's representative requested an adjournment for the purpose of having the employer present testimony as to the termination of the employment. That request was denied by the Referee without giving any reason for such denial. It appears from the claimant's testimony that he attempted to comply with the rule which the employer had alleged to be violated and it is not contended that the claimant's numerous absences prior to September 15, 1971 violated the alleged rule. The board, however, without regard to rule No. 10 decided: " In view of his prior absentee record, claimant knew or should have known that he would thereby provoke his discharge. This is the equivalent of voluntary leaving of employment without good cause. It is significant in this connection that claimant did not complain to his Union." The record does not substantiate the conclusion of the board as to the " Union ". While the employer reported that the employee had been absent on numerous occasions, this was not the basis of the employer's action in discharging the said claimant. On remittal the respondent should be accorded the opportunity to produce a knowledgeable representative of the employer to give testimony, *inter alia*, as to whether there was a violation of the rule in accordance with the custom and practice in view of the acknowledgement that a representative of the claimant had telephoned his message of delay and whether, under the circumstances, the delay was justified. Such other testimony should be adduced from the claimant and his employer that will permit the board to make a proper finding. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Cooke, Kane and Main, JJ., concur.